Mr. James Bowman 6605 Blackstone Drive North Little Rock, AR 72118 Mr. Charles Ballard 24 Wimberly Drive Little Rock, AR 72209
Dear Mr. Bowman and Mr. Ballard:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that you have requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that you requested the following records from the Department of Human Services:
 • A listing of all Continuous Improvement Forms (CIR) completed within the Office of Fiscal Management and/or Office of Finance and Administration since August 12, 2002 to present.
 • A copy of all Continuous Improvement Forms (CIR) completed within the Office of Fiscal Management and/or Office of Finance and Administration since August 12, 2002 to present.
 • All correspondence, e-mails pertaining to Continuous Improvement Forms (CIR) sent to the various sections within Office of Fiscal Management and/or Office of Finance and Administration since August 12, 2002 to present.
You state that the custodian of the records has declined to provide you with access to the requested records on the grounds that they constitute "personnel/performance records" and are exempt under A.C.A. §25-19-105(b)(12) and A.C.A. § 25-19-105(c)(1). You have provided me with a copy of a blank CIR form, and you indicate your belief that this form, when completed, is not maintained in the personnel file of the employee listed on the form.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I note that I have not been given an opportunity to review the requested records. For this reason, I cannot opine definitively regarding the correctness of the custodian's decision regarding the releasability of any of these records. Nevertheless, I will outline the legal principles that must be applied to determine their releasability.
The Listing of All CIR Forms
It is not clear whether your request for a listing of all CIR forms since August 12, 2002 is a request for a record that already existed and was maintained by the custodian of the records. If not, the custodian is not required by the FOIA to create such a record. See A.C.A. §25-19-105(d)(2)(C). If such a record did already exist in the possession of the custodian, it could not be characterized either as a "personnel record" or as an "employee evaluation/job performance record" unless it contained, at the very least, references to specific employees. Op. Att'y Gen. No. 2003-137. A record that consists merely of a listing of CIR forms may not contain any references to individual employees (for example, if the listing was by number rather than by reference to any name).
However, if the record listing the CIR forms did contain references to individual employees, it would constitute the "personnel record" of each employee whose name was mentioned in the record. This office has taken the position that a "personnel record" is any record other than an employee evaluation/job performance record that pertains to an individual employee. See, e.g., Ops. Att'y Gen. Nos. 2002-150; 2000-130; 99-147 citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3d ed. 1998), at 134. If the record did contain references to individual employees, thus constituting a "personnel record," its releasability must be evaluated under the standard that is applicable to personnel records. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The mere release of an employee's name would not constitute a clearly unwarranted invasion of that employee's personal privacy. Thus, even if the list of CIR Forms reflected a list of the records by reference to employees' names, it should have been released.
It is my opinion that a record merely listing a series of CIR forms — even by reference to employees' names — could not constitute an "employee evaluation/job performance record." This office has consistently opined that in order for a record to constitute an "employee evaluation/job performance record," the record must have been created by or at the behest of the employer, and it must detail the employee's performance or lack of performance on the job. See, e.g., Ops. Att'y Gen. Nos. 2003-015; 2002-263; 2002-210; 2002-158; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. A mere listing of forms would not fit this description. The requested list therefore would not be subject to the exemption that is available for employee evaluation/job performance records.
If, under the above described analyses, the record listing CIR Forms (if such a record did indeed already exist in the possession of the custodian of the records) did not constitute either a personnel record or an employee evaluation/job performance record, or if it constituted a personnel record by listing employees' names, it should have been released. I note again that if such a record did not exist, the custodian was under no obligation to create it.
It should be noted that the fact that a record is not maintained in an employee's personnel file does not preclude a conclusion that it constitutes a personnel record or an employee evaluation/job performance record. This office has consistently opined that the location of documents is not determinative of how a document should be classified, and the location of documents should be irrelevant when considering the application of particular exemptions under the FOIA. See, e.g., Ops. Att'y Gen. Nos. 2000-225; 98-127; 92-237 at n. 2; 91-123; 91-100.
Copies of the CIR Forms
As an initial matter, I must note that I have not been informed as to the manner in which the CIR forms are used, and this is unclear from the face of the forms. This issue could impact directly upon how these records are classified. I will therefore address the various possibilities. In my view, the actual copies of the CIR forms would constitute, at the very least, personnel records, and may well constitute employee evaluation/job performance records.
Because the CIR forms require that individual employees' names be listed therein, these forms, if properly completed, would at the very least constitute the personnel record of each employee whose name appeared therein. Again, the standard for the releasability of personnel records is that such records must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The question of whether the release of any particular personnel record would constitute such a clearly unwarranted invasion is a question of fact that must be made in the first instance by the custodian of the records on a case-by-case basis, under the guidance of the available court precedent. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. In my opinion, the type of information that appears to be called for by the CIR forms would not rise to this level. Therefore the forms, if analyzed under the standard for the releasability of personnel records, are releasable. As noted previously, the fact that these records may not be maintained in the employees' personnel files is not determinative of the question of how they should be classified or the applicable standard of releasability.
However, it appears to be highly possible that the records could be deemed to constitute "employee evaluation/job performance records," depending upon the manner in which they are used and the specific information entered therein. For example, if these forms are used when problems arise for the purpose of evaluating how effectively a particular employee handles the problem, they would clearly be classified as "employee evaluation/job performance records." On the other hand, this classification may not be appropriate if the forms are used routinely, do not detail the employee's performance, and are not used for the purpose of evaluating the named employee's performance. Although the term "employee evaluation/job performance record" is not defined in the FOIA, this office, as indicated previously, has taken the position that "employee evaluation/job performance records" are records that have been created by or at the behest of the employer and that detail the employee's performance or lack of performance on the job. It seems clear that the CIR forms are created by or at the behest of the employer. If the information that is entered on the CIR forms constitutes information that details the employee's performance or lack of performance on the job, these forms would, in my opinion, constitute employee evaluation/job performance records and their releasability must be analyzed under the FOIA's standard for the release of such records.
Under the FOIA, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A necessary prerequisite to the release of any employee evaluation/job performance record is that the employee in question must have been suspended or terminated. The question of whether all of these conditions have been met is a question of fact that can only be answered on the basis of a review of each CIR form. If the form does indeed constitute an employee evaluation/job performance record, and if the employee referenced in the form has not been suspended or terminated, the form should not be released.
Correspondence and E-Mails
The question of whether correspondence and e-mails pertaining to the CIR forms should be released will depend entirely upon the contents of these records. These records could, depending on the nature of their contents, constitute either personnel records or employee evaluation/job performance records, or neither. Each record must be reviewed to determine how it should be classified, based upon its contents. At that point, if any of these records is deemed to constitute either a personnel record or an employee evaluation/job performance record, its releasability must be evaluated under the appropriate standard. If the contents of a particular record indicates that it constitutes neither a personnel record nor an employee evaluation/job performance record (for example, if an item of correspondence does not reference any individual employee), it is a "public record" within the meaning of the FOIA, and should be released unless it falls within some other exemption. For a listing of exemptions, see A.C.A. § 25-19-105(b).
A remedy for violations of the FOIA is set forth at A.C.A. § 25-19-107.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General